IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACY PARRISH-SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| ELRO SIGNS OF ATLANTA, INC. and ) | |
| FRANK J. RHODES ) | NO.: _____ |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Stacy Parrish Sanders, and files this lawsuit against Defendants Elro Signs of Atlanta, Inc. ("hereinafter Elro") and Frank J. Rhodes (hereinafter "Rhodes"), and shows the following:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action also seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant Elro

1

(hereinafter referred to as the "relevant time period").

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b).

4.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's former work location: 1640 Sands Place, Suite A, Marietta, Georgia 30067.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant Elro is a foreign corporation qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

Defendant Elro may be served with process by delivering a copy of the summons and complaint to its registered agent, Frank J. Rhodes, at 4822 Hampton

Lake Drive, Marietta, Georgia 30068.

8.

Defendant Rhodes may be served with process by delivering a copy of the summons and complaint to his home address at 4822 Hampton Lake Drive, Marietta, Georgia 30068.

## FACTUAL ALLEGATIONS

9.

Plaintiff began working at Elro's Marietta, Georgia location in June 2010 as a Project Coordinator, a non-exempt hourly position.

10.

During the time she worked for Defendant Elro, Plaintiff came in early most days and often worked through lunch.

11.

Between June 2010 and June 2011, Plaintiff worked approximately eight hours of overtime per week and was not compensated for these hours.

12.

Between June 2011 and December 2011, Plaintiff worked approximately five hours of overtime per week and was not compensated for these hours.

13.

When Plaintiff inquired on several occasions about being paid for overtime

hours, Plaintiff was told not to discuss this subject in the office.

14.

Plaintiff was told to use the same time sheet form every week and to only put 40 hours per week on the time sheet.

15.

Plaintiff was terminated on January 6, 2012.

16.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

17.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

18.

Defendants employed the named Plaintiff during the relevant time period.

19.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

20.

Defendant Elro is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

21.

Defendant Rhodes is the owner of Elro Signs of Atlanta, Inc.

22.

Defendant Rhodes had discretion over Plaintiff's working hours and overtime compensation.

23.

Defendant Rhodes acts both directly and indirectly in the interest of Elro and was in a supervisory position over Plaintiff.

24.

Defendant Elro is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

25.

Defendant Rhodes is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

26.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204,

206-207.

## **Violation of the Overtime Wage Requirement**
## **of the Fair Labor Standards Act against both Defendants**

27.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

28.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

29.

WHEREFORE, Plaintiff demands judgment as follows:

(a) That this Court declare and adjudge Defendants to have violated Plaintiff's rights under the FLSA;

(b) Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(c) That P1aintiff recover her reasonable attorneys' fees and costs from Defendants incurred in bringing this action;

(d) Grant Plaintiff a trial by jury as to all triable issues of fact; and

(e) For all other such relief as is deemed just and proper

Respectfully submitted, this 17th day of June, 2013.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff