## SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Settlement and Release of Claims Agreement ("**Agreement**") is entered into by and between Elro Signs of Atlanta, Inc. and Frank Rhodes, (the "**Employer**") on behalf of themselves and their subsidiaries, and other corporate affiliates, and each of their respective present and former employees, officers, directors, owners, shareholders and agents, individually and in their official capacities (collectively referred to herein as, the "**Employer Group**"), and Stacy Parrish-Sanders (the "**Employee**") (the Employer and the Employee are collectively referred to herein as the "**Parties**").

WHEREAS, Employee has filed a lawsuit against the Employer seeking relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C., § 201, et. seq.;

WHEREAS, Employer denies every allegation of wrongdoing contained in Employee's Complaint filed in the U.S. District Court for the Northern District of Georgia, Case No. 1:13-CV-2028 (the "**Action**") or in any other papers filed or served by or on behalf of Employee in this matter or before any court or administrative agency.

WHEREAS, the Court has made no findings as to the merits of the Action.

WHEREAS, the Parties desire to resolve the Action without further litigation or adjudication.

NOW, THEREFORE, in consideration of the promises and obligations set forth herein, the parties agree as follows:

1. <u>No Admission of Liability</u>. Nothing herein shall be construed to be an admission by Employer of any wrongdoing under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. Employer specifically disclaims and denies any liability to Employee.

2. <u>Payment</u>. In consideration for Employee's execution, non-revocation of, and compliance with this Agreement, including the waiver and release of claims in paragraph 3, Employer agrees to provide Employee with the total settlement sum of NINE THOUSAND THREE HUNDRED FIFTY and 00/100 DOLLARS ($9,350.00) for and in full consideration and satisfaction of all claims that Employee has or may have against Employer under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., whether known or unknown, asserted or unasserted, based on any conduct occurring up to and including the date of the execution of this Agreement as follows:

(a) TWO THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($2,500.00) in full satisfaction of all claims Employee may have for lost wages, lost back pay, front pay to be paid to Employee, provided that Employee has not revoked this Agreement. Employer shall issue a W-2 form to Employee.

EXHIBIT "A"

(b) TWO THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($2,500.00) in full satisfaction of all claims Employee may have for alleged economic and non-economic damages, including any alleged emotional distress and other compensatory and liquidated damages to be paid to Employee, provided that Employee has not revoked this Agreement. Employer shall issue a Form 1099 to Employee.

(c) FOUR THOUSAND THREE HUNDRED FIFTY and 00/100 DOLLARS ($4,350.00) in full satisfaction of all claims Employee may have for attorneys' fees and disbursements to be paid directly to Employee's attorney, Paul Sharman, provided that Employee has not revoked this Agreement.

Employee agrees and acknowledges that Employer and its counsel have not made any representations to her regarding the tax consequences of any payments or amounts received by her pursuant to this Agreement. Employee agrees to indemnify Employer against the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed upon the settlement payment.

3. Release of Claims. In exchange for the promises made by Employer in this Agreement, Employee and her heirs, executors, administrators and assigns (collectively the "**Releasors**") forever waive, release and discharge the Employer from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq., of any kind whatsoever, whether known or unknown, that Employee has ever had against the Employer by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date of her execution of this Agreement

4. Withdrawal and Stipulation of Dismissal. In exchange for the receipt of payment pursuant to the terms of this Agreement, Employee shall withdraw, in writing and with prejudice, the Action and proceedings that Employee has instituted against Employer, and will agree to a dismissal with prejudice.

5. Employee Acknowledgments. Employee specifically represents, warrants and confirms that as of the date of this Agreement she has been paid and has received all leave, paid and unpaid, compensation, wages, bonuses, commissions and benefits to which she may be entitled and that no other leave, paid or unpaid, compensation, wages, bonuses, commissions or benefits are due to her, except as provided in this Agreement.

6. Attorneys' Fees and Costs. Except as specified herein, Employer and Employee shall bear their own respective costs and fees, including attorneys' fees incurred in the Action.

7. Knowing and Voluntary Acknowledgment. Employee specifically agrees and acknowledges that: (a) Employee has read this Agreement in its entirety and understands

EXHIBIT "A"

all of its terms; (b) Employee has been advised of and has availed herself of her right to consult with her attorney prior to executing this Agreement; (c) Employee knowingly, freely and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release and covenants contained herein; Employee is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which she is otherwise entitled; and that (d) Employee is not waiving or releasing rights or claims that may arise after her execution of this Agreement.

8.   Warranty of Capacity to Execute Agreement. Employee represents and warrants that no other person or entity has, or has had, any interest in the claims demands, obligations, or causes of action referred to in this Settlement and Release of All Claims Agreement, except as otherwise set forth herein; that Employee has the sole right and exclusive authority to execute this Settlement and Release of All Claims Agreement and receive the sum specified in it; and that Employee has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement and Release of All Claims Agreement.

9.   Successors and Assigns. Employee shall not assign this Agreement or any part hereof. Any purported assignment by Employee shall be null and void from the initial date of the purported assignment.

10.   Governing Law. This Agreement, for all purposes, shall be construed in accordance with the laws of Georgia without regard to conflict-of-law principles. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in federal court located in the state of Georgia. The Parties hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

11.   Entire Agreement. This Agreement contains all of the understandings and representations between Employer and Employee relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations and warranties, both written and oral, with respect to such subject matter. The Parties mutually agree that this Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging breach of this Agreement.

12.   Severability. Should any provision of this Agreement be held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement shall be held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall continue to be binding upon the Parties with any such modification to become a part hereof and treated as though originally set forth in this Agreement.

The Parties further agree that any such court is expressly authorized to modify any such unenforceable provision of this Agreement in lieu of severing such unenforceable provision from this Agreement in its entirety, whether by rewriting the offending provision, deleting any or all of the offending provision, adding additional language to this Agreement or by making such other modifications as it deems warranted to carry out the intent and agreement of the Parties as embodied herein to the maximum extent permitted by law.

The Parties expressly agree that this Agreement as so modified by the court shall be binding upon and enforceable against each of them. In any event, should one or more of the provisions of this Agreement be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof, and if such provision or provisions are not modified as provided above, this Agreement shall be construed as if such invalid, illegal or unenforceable provisions had not been set forth herein.

13. <u>Captions</u>. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

EMPLOYEE ACKNOWLEDGES AND AGREES THAT SHE HAS FULLY READ, UNDERSTANDS AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. EMPLOYEE ACKNOWLEDGES AND AGREES THAT SHE HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF HER CHOICE BEFORE SIGNING THIS AGREEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT HER SIGNATURE BELOW IS AN AGREEMENT TO RELEASE EMPLOYER FROM ANY AND ALL CLAIMS.

This 4th day of December, 2013.

STACY PARRISH-SANDERS

*(Signatures Continued on Next Page)*

EXHIBIT "A"

STATE OF GEORGIA
COUNTY OF Paulding

BEFORE ME, the undersigned authority, Stacy Parrish-Sanders personally came and appeared who is known to be the person described in and who executed the foregoing Release; that she declared unto me that she executed the said Release as her own free act and deed, and for the purposes stated therein.

*Sharon Capes*
NOTARY PUBLIC
My Commission Expires: Jan. 28th 2014

Read and Approved By:

Paul Sharman
Attorney for Employee

**THIS IS THE ONLY RELEASE SIGNED IN RELATION TO THIS ACTION.**

51352044-1

EXHIBIT "A"