## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STACEY PARRISH-SANDERS,

    Plaintiff,

        v.

ELRO SIGNS OF ATLANTA, INC.
and FRANK J. RHODES,

    Defendants.

CIVIL ACTION
No. 1:13-cv-02028-SCJ

### O R D E R

This matter is before the Court on the parties' Consent Motion Seeking

Approval of the Parties' Stipulated Settlement Agreement [Doc. No. 5] concerning

litigation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq.*

Once an employee brings an action under the FLSA, a district court must

scrutinize any proposed settlement of that action for fairness. *Lynn's Food Stores, Inc.*

*v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court has reviewed the

parties' Settlement and Release of Claims Agreement (the "Settlement Agreement")

[Doc. No. 5-1], as well as the parties' consent motion for approval of the Settlement

Agreement. These documents sufficiently show that this action contains a *bona fide*

dispute, and that there are litigation risks for all parties if this action were to

proceed. Based on these facts, the Court determines that the Settlement Agreement presents a fair and reasonable resolution to the Plaintiff's claim for overtime compensation under the FLSA.

Generally, when scrutinizing FLSA settlements, district courts must also consider "the amount of plaintiffs' attorney's fees paid pursuant to those settlements." *Longcrier v. HL-A CO., Inc.,* Civil Action 08-0011-WS-C, 2009 WL 971297, at *1 (S.D. Ala. Apr. 8, 2009). However, such a review is not necessary when "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, the parties agree that Plaintiff's attorneys' fees were negotiated separately from the amount of settlement proceeds Plaintiff will receive [Doc. No. 5, 3]. Therefore, as the Settlement Agreement appears reasonable on its face, the Court does not believe Plaintiff's attorney's fees were agreed to at the expense of Plaintiff's claim for overtime compensation.[1] As a result, the Court does not need to analyze the reasonableness of Plaintiff's attorney's fees agreed to in the Settlement Agreement.

---

[1] More specifically, while the Plaintiff's attorney's fees appear high, the Court is unwilling to assert Plaintiff's attorney breached his fiduciary and professional duties to Plaintiff in negotiating the terms of the Settlement Agreement.

## CONCLUSION

For the above stated reasons, the parties' Consent Motion Seeking Approval of the Parties' Stipulated Settlement Agreement [Doc. No. 5] is hereby **GRANTED**. Accordingly, the Settlement Agreement [Doc. No. 5-1] is hereby **APPROVED** and incorporated herein. This Court shall retain jurisdiction over this matter until the terms set forth in provision 4 of the Settlement Agreement have been satisfied. In accordance with the terms of provision 4 of the Settlement Agreement, Plaintiff is hereby **DIRECTED** to file a stipulation of dismissal with prejudice of this action within **fourteen (14) days** from the date of this order.

**IT IS SO ORDERED**, this _26th_ day of March, 2014.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE